OPINION
Bettie Caroline was charged with violating R.C.G.O. § 71.01(A) of the City of Dayton which provides as follows:
 No person shall start a vehicle or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety.
The case was tried to a magistrate sitting without a jury who found Caroline guilty and assessed a $25 fine and costs. After her objections were overruled by the trial court, Caroline appealed, asserting that the guilty finding was against the manifest weight of the evidence.
The incident out of which the alleged offense arose occurred around 3:00 p.m. on December 2, 1998, on East Third Street in front of the Dayton Public Library. There was a collision between a blue Toyota driven by Caroline and a school bus operated by Dimple Whitaker. Prior to the collision, both vehicles were headed west. The westbound lane in which the collision occurred is the lane closest to the sidewalk in front of the library. The lane is unusually wide, with parking places at the curb and several feet between parked cars and the travel portion of the lane.
After hearing the testimony of the investigating officer, Whitaker, and Caroline, the magistrate determined — and the trial court agreed — that Caroline had operated her Toyota from a parking place in front of the library partially into the travel portion of the lane in which the school bus was traveling, thus causing the collision and violating R.C.G.O. § 71.01(A).
Before reaching the merits of Caroline's assignment of error, we must point out that we do not have a complete transcript of the trial. By affidavit of July 5, 2000, the court reporter acknowledged that an incomplete transcript had been filed with this court, and that she was holding a complete transcript pending payment by counsel for Caroline, who had ordered but not paid for the transcript. The fact that this court has not been favored with a complete transcript was communicated to Caroline's counsel at the latest on July 21, 2000, when the city served Caroline's counsel with its brief that notes this deficiency in the record. As of the rendering of this opinion, no steps have been taken to remedy this deficiency.
In this case, the partial transcript does not contain the complete testimony of the investigating officer, Toby Caserta, or any of the testimony of the bus driver, Dimple Whitaker. This deficiency is fatal to Caroline's contention that the guilty finding is against the manifest weight of the evidence. See Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Notwithstanding that our inquiry could end with our noting that we have been favored with an incomplete transcript that omits critical testimony, we have nevertheless reviewed the record before us. We are satisfied from the testimony of Officer Caserta as to the positions of the vehicles when he arrived at the scene and the damage to the two vehicles, that there was sufficient, reliable evidence to support the trial court's finding of guilty. In addition to indulging a presumption of the regularity of the trial court's proceedings, which we may do in this case in the absence of a transcript containing all critical testimony, Knapp,supra, we are satisfied from the record before us that the magistrate and trial court did not lose their way in finding Caroline guilty. State v. Martin (1983), 20 Ohio App.3d 172.
The assignment of error is overruled.
 __________________________ WOLFF, J.
GRADY, P.J. and BROGAN, J., concur.